IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Mary B. Hickman, | ) | |
| | ) | C/A No. 4:04-23340-JFA-TER |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

    The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him or her with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff, Mary B. Hickman, brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for Supplemental Security Income ("SSI").

The plaintiff first applied for SSI on January 14, 2003, alleging disability since March 2, 2001 due to nerve damage in her back, and pain on her right side that travels down her leg. Her claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") issued an unfavorable decision on July 23, 2004. The Appeals Council denied plaintiff's request for review making the ALJ's decision final. The ALJ determined that the plaintiff was not disabled because she retained the residual functional capacity ("RFC") and could perform her past relevant work as a telemarketer. The ALJ made the following findings:

1.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2.   The claimant's arachnoiditis is a "severe" impairment, based upon the requirements in the Regulations (20 CFR § 416.920).

3.   This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4.   The undersigned finds that the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5.   The claimant has the residual functional capacity to: sit for 6 hours of an 8 hour day; stand/walk for 2 hours of an 8 hour day; frequently lift/carry light items; and occasionally lift 10 pounds.

6.  The claimant's past relevant work as a telemarketer did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 416.965).

7.  The claimant's medically determinable arachnoiditis does not prevent the claimant from performing her past relevant work.

8.  The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 416.920(f)).

The plaintiff was 56 years old at the time of the ALJ's decision. She has a ninth grade education, and prior work experience as a retail sales person and telemarketer.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This "substantial evidence" standard precludes the court in a *de novo* review of the factual circumstances from substituting its findings for those of the Commissioner. See, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.*

3

*Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Id*. at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed a comprehensive Report and Recommendation on February 9, 2006, recommending that the case be remanded back to the Commissioner to give the proper analysis as to why the ALJ finds that plaintiff does not meet the requirements of Listing 1.04.  Because the Report provides specific details of the facts in this case, such will not be repeated in this order.

The parties were advised of their right to file specific written objections to the Report and Recommendation ("Report") which was entered on February 9, 2006. As of the date of this order, neither party has filed objections to the Report.  The matter now appears ripe for review.

The plaintiff asserts that the ALJ erroneously found that the plaintiff did not meet a listing; that the ALJ failed to properly distribute the weight of the medical evidence; and that the ALJ conducted a flawed credibility analysis of the plaintiff.

In its brief, the Commissioner contends that as to credibility, the ALJ properly found that plaintiff's subjective complaints were not entirely credible on the basis of the medical

evidence, her daily activities and her failure to follow prescribed treatment.    As to the distribution of weight of the medical evidence, the Commissioner asserts that the ALJ properly gave significant weight to the opinions of Drs. Keller and Baker, whose opinions were uncontradicted by any other physician.  Finally, the Commissioner argues that plaintiff had the burden of producing evidence to show that her conditions met all of the requirements of Listing 1.04B, and that the plaintiff failed to do so.

The Magistrate Judge suggests that the ALJ fully set forth his reasoning and that there is substantial evidence to support the weight he placed on the opinions of the medical consultants.  The Magistrate Judge also suggests that the ALJ did not analyze why or what portions of the Listing he found plaintiff did not meet or his rationale behind this finding. Hence, the Magistrate Judge opines that the court is unable to ascertain whether the Commissioner's decision is supported by substantial evidence.

Having reviewed the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the Report and Recommendation, the court finds the Magistrate Judge's Report proper.  The court adopts the Report and Recommendation of the Magistrate Judge, recommending that the case be remanded back to the Commissioner to give the proper analysis as to why the ALJ finds the plaintiff does not meet the requirements of Listing 1.04.

Accordingly, this action is remanded to the Commissioner under sentence four of Section 205(g) and 1631(c)(3) of the Social Security Act for further administrative action as set out above.

5

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

February 28, 2006
Columbia, South Carolina